124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Salvador Antonio DAMIAN, Defendant-Appellant.
 No. 97-50059.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1997.[2]
Decided Sept. 24, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California. Robert J. Kelleher, District Judge, Presiding.
 
 
 2
 Before PREGERSON and HAWKINS Circuit Judges, and WEINER,[3] Senior District Judge.
 
 MEMORANDUM[1]
 
 3
 Salvador Antonio Damian appeals from his sentence of forty months incarceration for conspiracy to distribute methaqualone, in violation of 21 U.S.C. § 846.[4] The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons that follow, we affirm.
 
 
 4
 Damian asserts the district court erred in increasing his total offense level by two points, pursuant to U.S.S.G. § 3B1.1, for being an organizer, leader, manager, or supervisor of the conspiracy.[5] He argues he did not exercise control or authority over his co-defendants because the pre-sentence report (PSR) stated his degree of control over his accomplices was limited, and that the government presented no other evidence at sentencing to establish the requirements of a § 3B1.1 enhancement. Damian focuses upon the conduct of the confidential informant (CI), claiming that the CI encouraged him to help deliver the methaqualone to the Carrow's restaurant after refusing to pickup the drugs himself. Damian asserts his degree of control was merely to "suggest" to the co-conspirators that they commit the offense by helping him move the drugs.[6]
 
 
 5
 The district court, however, had sufficient evidence before it to conclude that Damian was an organizer, leader, manager or supervisor of the criminal activity. The focus of 3B1.1 is the management and decision making in a conspiracy. The factors to be considered when determining whether a defendant was an organizer or leader include: "the exercise of decision making authority, the nature of the offense and the defendant's participation in the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, and the degree of control and authority exercised over others." United States v. Ponce, 51 F.3d 820, 827 (9th Cir.1995). The enhancement is appropriate where a defendant coordinates the procurement and distribution of drugs. See United States v. Varela, 993 F.2d 686, 691 (9th Cir.1993). Damian's arguments, which focus upon the conduct of the CI, are too myopic. The other evidence of record, detailing his activity, more than provides an adequate basis to support the district court's finding that he was an organizer of the drug transaction.
 
 
 6
 First, whether or not the CI suggested that Damian enlist the help of others to assist him in delivering the drugs on June 6, 1996, the record demonstrates that at least one co-defendant was involved in the drug transaction prior to the delivery. He accompanied Damian to a meeting with the CI to discuss possible methaqualone and cocaine deals on May 29, 1996. As § 3B1.1 requires management of only one other participant, see Application Note 2 ("To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants."), the record as a whole demonstrates the district court was not clearly erroneous in concluding that this element of § 3B1.1 was satisfied.
 
 
 7
 Second, the record before the district court also demonstrates that the other elements of § 3B1.1 were satisfied. The evidence revealed that Damian was the person who repeatedly offered to sell drugs to the CI, stored the drugs at his business, negotiated the drug transaction, and arranged the delivery. He was also to receive a larger share of the fruits of the crime, as another co-defendant was to be paid only $1,300 for helping to move the drugs
 
 
 8
 We have held that it is not necessary for the government to prove a permanent hierarchical relationship among the co-conspirators to support an enhancement under § 3B1.1. Valera, 993 F.3d at 691. An enhancement may be proper where "a defendant organizes others in the commission of the criminal activity even though he does not retain a supervisory role over the other participants. The enhancement reflects the greater level of culpability of the person who arranges the transaction." Id. at 691-92. The findings of the PSR, which the district court adopted by reference, clearly showed that Damian arranged the transaction.
 
 
 9
 Finally, Application Note 2 to § 3B1.1 states that an upward departure may be warranted "in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization." There is no dispute that Damian exercised control over the "property" or "asset" of the conspiracy--i.e., the drugs themselves--as they were stored at his business and moved at his direction, as well as over the "activity" of the conspiracy--the negotiations and actual sale of the methaqualone. This alone was sufficient to warrant the two level enhancement under § 3B1.1(c).
 
 
 10
 AFFIRMED.
 
 
 
 [2]
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 [3]
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [4]
 At sentencing, Count 3 of the indictment, also charging a violation of § 841(a)(1), was dismissed by the government
 
 
 [5]
 Section 3B1.1 provides in relevant part:
 Based on the defendant's role in the offense, increase the offense level as follows:
 (c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.
 U.S.S.G. 5 3B1.1.
 
 
 [6]
 This argument is an attempt to place the case within the provisions of Application Note 4, which provides:
 This adjustment does not apply to a defendant who merely suggests committing the offense.